O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JOSE RIVAS,<br><br>    Petitioner,<br><br>    v.<br><br>FOULK,<br><br>    Respondent. | No. CV 14-32-JGB (PLA)<br><br>**ORDER ACCEPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE** |

On October 28, 2015, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that petitioner's Petition for Writ of Habeas Corpus be denied and that this action be dismissed with prejudice. On January 7, 2016, petitioner filed objections to the R&R.

Most of the arguments that petitioner makes in his objections are sufficiently addressed in the R&R. One argument pertaining to petitioner's second ground for relief, however, warrants further discussion. In his second ground for relief, petitioner maintains that the prosecutor failed to prove that petitioner committed the charged crime of assault with a deadly weapon. (Pet. at 5-6). Petitioner did not assert this claim in his direct appeal from his conviction. Instead, he asserted the claim for the first time in the habeas petition that he filed in the California Supreme Court, which was denied with citations to In re Dixon, 41 Cal. 2d 756, 759, 264 P.2d 513 (1953), and In re Lindley, 29 Cal. 2d 709, 723, 177 P.2d 918 (1947). (See Lodgment Nos. 5-6).

In this action, respondent argued that the sufficiency of the evidence claim was procedurally barred because the California Supreme Court rejected it pursuant to an independent and adequate state law. The magistrate judge, however, elected not to address respondent's procedural bar argument. Instead, reviewing the claim de novo, the magistrate judge found that the claim clearly failed on its merits and, accordingly, recommended that the claim be denied. (R&R at 9-10, 18-20).

In his objections, petitioner asserts for the first time that he received ineffective assistance of appellate counsel due to counsel's refusal to assert on appeal the challenge to the evidence supporting petitioner's conviction for assault with a deadly weapon. (Objections at 13). Petitioner maintains that he repeatedly urged counsel to assert the sufficiency of the evidence challenge on appeal; however, counsel refused to do so because he believed that the claim was meritless. (Id.). Maintaining that counsel's belief in this regard was erroneous, petitioner contends that he received ineffective assistance of appellate counsel. (See id.).

A district court has discretion, but is not required, to consider claims presented for the first time in a party's objections to a magistrate judge's report and recommendation. Brown v. Roe, 279 F.3d 742 (9th Cir. 2002). In deciding whether to consider the newly presented claims, the district judge must actually exercise its discretion rather than summarily deny the claims. Akhtar v. Mesa, 698 F.3d 1202, 1208 (9th Cir. 2012) (citing United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000)).

Here, the Court, in its discretion, elects not to address the claim that petitioner has raised in his objections. As an initial matter, petitioner's newly asserted ineffective assistance of counsel claim does not appear to be exhausted and, in all likelihood, is barred by the applicable statute of limitations. Moreover, petitioner has had ample time and opportunity to state the nature of his claim. Petitioner initiated this action on January 2, 2014. The magistrate judge issued his R&R on October 28, 2015. At no point during that long intervening period did petitioner seek to amend his Petition to assert an ineffective assistance of counsel claim, even though he was, at all relevant times, aware that his appellate counsel did not assert on appeal a sufficiency of the evidence challenge to petitioner's conviction for assault with a deadly weapon. Accordingly, there is no

1 reason to allow petitioner to use his objections to the R&R to assert a new claim for the first time before this Court.

Regardless, even if the Court were to consider the claim that petitioner has asserted for the first time in his objections, that claim would fail for several reasons. First, as petitioner concedes in his objections, appellate counsel made a strategic decision against asserting a sufficiency of the evidence challenge to petitioner's conviction for assault with a deadly weapon. That decision cannot be second-guessed on federal habeas review. On the contrary, as the Supreme Court has stated, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable. . . ." Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Silva v. Woodford, 279 F.3d 825, 844 (9th Cir. 2002) (noting United States Supreme Court precedent dictates that counsel commits no error when counsel makes informed strategic decision) (citing Burger v. Kemp, 483 U.S. 776, 107 S. Ct. 3114, 97 L. Ed. 2d 638 (1987)).

Counsel's decision to forego the proposed sufficiency of the evidence claim, moreover, was sound. As the magistrate judge explained in rejecting petitioner's independent challenge to the evidence supporting the assault with a deadly weapon count, there was ample evidence supporting petitioner's conviction. Indeed, an eyewitness repeatedly identified petitioner as the assailant in the crime underlying petitioner's conviction. Furthermore, the witness identified petitioner as the person he saw making a wiping motion, one consistent with wiping a knife, after the attack. Given this evidence, any challenge to the sufficiency of the evidence would have failed. Accordingly, counsel could not have performed deficiently in declining to assert a challenge that was doomed to fail. See Kimmelman v. Morrison, 477 U.S. 365, 375, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986); Boag v. Raines, 769 F.2d 1341, 1344 (9th Cir. 1985) (counsel's failure to raise meritless argument does not constitute ineffective assistance).

/
/
/
/

**CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the Magistrate Judge's Report and Recommendation, and petitioner's objections to the Report and Recommendation. The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. The Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. Judgment shall be entered consistent with this Order.
3. The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: February 26, 2016

HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE